CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Chris Carson, Esq., SBN 280048
Dennis Jay Price, II, Esq., SBN 279082
Robert Doyle, Esq., SBN 321925
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191
Email: robertd@potterhandy.com

Attorneys for Plaintiff

MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Ben Nicholson, #239893
Christopher A. Kent, #332892
7647 North Fresno Street
Fresno, California 93720
(559) 433-1300; (559) 433-2300
Christopher.Kent@mccormickbarstow.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson,**<br><br>    Plaintiff,<br>v.<br><br>**2L Plus, Inc.,** a California Corporation,<br><br>    Defendants. | Case No. 4:21-cv-02793-KAW<br><br>**CONSENT DECREE AND [PROPOSED] ORDER**<br><br><br>**Hon. Kandis A. Westmore** |

**TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:**

    1.    Plaintiff, SCOTT JOHNSON, filed this action (known as Case No. 4:21-cv-02793-KAW) against Defendant 2L Plus, Inc. (hereinafter, "Defendant") seeking money damages and injunctive relief for, inter alia, violations of the Americans with

Disabilities Act of 1990 (the "ADA"), Unruh Civil Rights Act and corresponding state law claims, as well as common law claims, in the United States District Court for the Northern District of California on April 19, 2021, Dkt 1; Defendant filed answer to the complaint on July 23, 2021 (Dkt. 11);

2. Defendant and Plaintiff (collectively sometimes referred to herein as the "Parties" or separately as a "Party") wish to settle the portion of the case relating to issues of injunctive relief and hereby desire to enter into this Consent Decree. The Parties hereby enter into this Consent Decree and Order for the purpose of resolving certain specified aspects of the lawsuit without the need for protracted litigation, and without the admission of any liability by either Party whatsoever, including but not limited to liability as to the issues of damages and/or fees.

**JURISDICTION:**

3. Plaintiff asserts that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq., pursuant to supplemental jurisdiction under California's Unruh Civil Rights Act, and 28 U.S.C. §1331, §1343(a)(3) and (a)(4) and §1391(b).

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the above-entitled Action. Accordingly the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

**NO DISMISSAL OF ACTION REQUESTED:**

5. As noted herein, monetary issues are still at issue and accordingly the Parties do not request that the Honorable Court dismiss the action at this time.

WHEREFORE, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant and any other parties for injunctive relief that have arisen out of the acts and/or omissions alleged, or which could have been alleged, in the subject Complaint.

7. The Parties agree and stipulate that the corrective work will be performed in compliance with Exhibit "A" attached hereto.

8. Remedial Measures: The corrective work agreed upon by the Parties is attached here to as Exhibit "A". Defendant agrees to undertake all of the remedial work set forth therein.

9. Timing of Injunctive Relief: Exhibit "A" also includes the estimated timeframe for completing the work described therein. In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief within the timeframes specified, Defendant or its counsel will notify Plaintiff's counsel, in writing, within fifteen (15) days after discovering any such difficulties. Defendant, or its counsel, will promptly notify Plaintiff's counsel when the corrective work is complete, and in any case, will provide a status report on or before February 28, 2022.

**ISSUES RELATED TO DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

10. The Parties have not reached an agreement regarding Plaintiff's claims for damages, attorneys' fees, litigation expenses and costs in this Action (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues, the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of either Parties' past, present, or future

rights and/or remedies to recover damages, attorneys' fees, litigation expenses, or costs in connection with each of their alleged losses, costs, damages, claims, and causes of action as set forth in each of the operative pleadings or otherwise.

**ENTIRE CONSENT ORDER:**

11. This Consent Decree and Order and Exhibit "A" to the Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties on all matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

15. Electronic signatures may also bind the Parties and/or their representative(s) as set forth in all applicable Local Rules. The undersigned counsel for Plaintiff does hereby attest that all electronic signatures are affixed only with the express written permission of the signatory.

Respectfully Submitted,

Dated: September 27, 2021      CENTER FOR DISABILITY ACCESS

By: /s/ Robert Doyle
Robert Doyle, Esq.
Attorney for Plaintiff

Dated: September 27, 2021      MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/ Ben Nicholson
Ben Nicholson, Esq.
Attorney for Defendant

**IT IS SO ORDERED.**

Dated:  October 19, 2021            _Kandis Westmore_
Honorable Kandis A. Westmore
United States Magistrate Judge

# EXHIBIT "A" TO CONSENT DECREE

The following use of abbreviations shall be used herein:

**ADAS:** Americans with Disabilities Act Standards (as set forth in 28 CFR part 36, subpart D and as required thereby integrating the construction guidelines set forth in 36 CFR part 1191, Appendices B and D)
**CBC:** California Building Code (California Code of Regulations, Title 24-2)

As used in this Exhibit "A", the term "Fully Compliant" shall indicate that the feature, fixture, space or improvement in question shall be designed and/or constructed and/or installed to meet all applicable requirement of:(i) ADAS and (ii) the currently enforceable and relevant provisions of the CBC.

As used in this Exhibit "A", the term "Facility" shall refer to the Sushi Plus located at or about 30 Woodside Plaza, Redwood City, California.

Any capitalized term(s) used herein, but not defined within this Exhibit "A," shall have the same meaning ascribed to said term(s) in the Consent Decree.

Defendant shall undertake the following actions, alterations and modification to the Facility:

Defendant agree that the remedies and alterations set forth and agreed to herein relate to existing inaccessible conditions at the time of the filing of Plaintiff's Complaint and further agree that they shall neither construct nor create an inaccessible condition that does not currently exist in undertaking any of the remedies and alterations agreed to herein.

On or before February 28, 2022, Defendant agree that they shall make the following modifications and alterations with respect to Facility:

**DINING SURFACES**

a. Defendant shall provide accessible dining tables.
b. Defendant shall assure that the table's surface should not be higher than 34 inches above the floor.
c. Defendant must provide sufficient knee clearance for wheelchair users, measuring at least 27 inches high, 30 inches wide, and 19 inches deep.

On or before February 28, 2022, Defendant agrees to provide notice to Plaintiff's counsel of completion of the above-referenced modifications and alterations with respect to Facility.